UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CANDIDA ADAMS,

    Plaintiff,

v.                                          Case No.  3:21-cv-2529-MCR-MJF

MARY NELL GARTH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the court on referral from the clerk of the court.[1] On November 17, 2021, the undersigned denied Plaintiff's *pro se* motion for leave to proceed *in forma pauperis*. Doc. 4. The undersigned instructed Plaintiff to either pay the filing fee or submit a properly completed motion for leave to proceed *in forma pauperis*. *Id.* Plaintiff was warned that failure to comply with the order likely would result in dismissal of this case. *Id.* Plaintiff has not complied with the order and has not responded to the show-cause order issued on December 23, 2021. Doc. 6.[2]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

[2] The show-cause order had a 25-day response deadline. The undersigned provided Plaintiff 10 additional days to respond in addition to the show-cause deadline.

Indeed, these orders were returned as "undeliverable." Docs. 5, 7.[3]

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court.[4]

2. The clerk of court be directed to close this case file.

At Pensacola, Florida, this 28th day of January, 2022.

                           /s/ *Michael J. Frank*
                           **Michael J. Frank**
                           **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

[3] Assuming that her address has changed, Plaintiff's failure to receive and comply with the undersigned's respective orders does not excuse her non-compliance with the court's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018).

[4] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").